UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Pitman Farms,

      Plaintiff,

v.

Kuehl Poultry LLC, Rodney Boser,
Dan Schlichting, John Tschida,
Chris Uhlenkamp, and David Welle,

      Defendants.

File No. 19-cv-3040 (ECT/BRT)

**OPINION AND ORDER**

---

Jeffrey J. Bouslog, Archana Nath, and Natalie I. Uhlemann, Fox Rothschild LLP, Minneapolis, MN; Asher Shepley Anderson, Baker, Manock & Jensen, PC, Fresno, CA, for Plaintiff Pitman Farms.

Jack Y. Perry and Maren M. Forde, Taft Stettinius & Hollister LLP, Minneapolis, MN, for Defendants Kuehl Poultry LLC, Rodney Boser, Dan Schlichting, John Tschida, Chris Uhlenkamp, and David Welle.

---

This is one of two parallel lawsuits arising from the breakdown of business relationships between chicken growers and chicken processors. In this case brought under the federal Declaratory Judgment Act, 28 U.S.C. § 2201, Plaintiff Pitman Farms, a California corporation, seeks declarations that would, if issued, resolve controverted legal questions concerning its liability to Defendants, who are Minnesota chicken growers. The same day Pitman Farms filed this case, Defendants sued Pitman Farms and two other business organizations in Minnesota state court seeking essentially contract damages. Defendants have moved to dismiss this case for lack of subject-matter jurisdiction and for

failure to join a required party under Federal Rule of Civil Procedure 19. Alternatively, Defendants argue that this case should not move forward in deference to their state-court suit. Defendants' motion to dismiss will be denied because there is subject-matter jurisdiction over this case and because the parties Defendants say must be joined here are not required parties under Rule 19. Though it is reasonable to question the efficiency of concurrent state and federal-court litigation, the better exercise of discretion is to permit this case to proceed.

I

It's more complicated than this, but Defendants essentially grow chickens and provide them to processing plants. *See* Am. Compl. ¶ 15 [ECF No. 34]. In 2017, Defendants entered into "broiler production agreements" with Prairie's Best Farms, Inc., a Minnesota chicken processor. *Id.*; Perry Decl., Ex. A [ECF No. 18-1 at 99–176]. Pitman Farms was not a party to the broiler production agreements. Am. Compl. ¶ 16. On November 10, 2017, Simply Essentials, LLC purchased the assets of Prairie's Best and assumed the broiler production agreements. *Id.* ¶ 17; Perry Decl., Ex A. [ECF No. 18-1 at 61–98]. Pitman Farms was not a party to the asset purchase agreement. Mem. in Opp'n at 1–2 [ECF No. 22]. Three days after the asset purchase agreement was executed, Pitman Farms became a member of Simply Essentials. Corrected Pitman Decl. ¶ 2 [ECF No. 26]; Am. Compl. ¶ 13.

Defendants allege that Simply Essentials "began materially breaching its obligations" under the broiler production agreements "nearly as soon as it assumed" them. Mem. in Supp. at 5 [ECF No. 17]. In 2019, Simply Essentials ceased operating due to

financial difficulties. *See* Am. Compl. ¶ 18; Mem. in Opp'n at 2. On June 7, 2019, Simply Essentials notified Defendants in writing that it would terminate the broiler production agreements effective September 5, 2019. Am. Compl. ¶ 18; *see, e.g.*, Perry Decl., Ex. A [ECF No. 18-1 at 195]. Following termination, Defendants sent notices of default to Simply Essentials, addressed to David Pitman, the Secretary of Pitman Farms. Perry Decl., Ex. A [ECF No. 18-1 at 199–209]; Corrected Pitman Decl. ¶ 1. Defendants estimate that they are collectively owed more than $6 million as a result of Simply Essentials' alleged breaches of its obligations under the broiler production agreements. Mem. in Supp. at 6.[1]

On December 5, 2019, Pitman Farms commenced this action. Compl. [ECF No. 1]. That same day—after Pitman Farms filed this case—Defendants filed a complaint in Minnesota state district court, Morrison County, asserting breach-of-contract claims against Pitman Farms, Prairie's Best, and Simply Essentials. Perry Decl., Ex. A [ECF No. 18-1 at 2–59]; Mem. in Supp. at 11. Pitman Farms and Simply Essentials filed motions in the state-court action to stay that case pending resolution of this case. Perry Decl., Ex. I, K [ECF Nos. 18-9, 18-11]; Second Perry Decl., Exs. M, N [ECF No. 29-1 at 1–21]. Defendants then filed a motion in the state-court action for partial summary judgment against Simply Essentials and Pitman Farms, including on the issue of whether Pitman Farms is liable under Minnesota law for Simply Essentials' alleged breaches. Second Perry Decl., Exs. S, T [ECF No. 29-1 at 110–130]. On March 19, 2020, the Morrison County

---

[1]   Simply Essentials is now insolvent, and on March 6, 2020, an involuntary bankruptcy action was filed against Simply Essentials. *See* Perry Decl., Ex. A [ECF No. 18-1 at 224]; Second Perry Decl., Ex. CC [ECF No. 29-1 at 199–205].

3

District Court ordered that case stayed "until the related federal court declaratory judgment action is resolved, or until further Order of this Court." Order Granting Motion to Stay Pending Resolution of Federal Court Action ¶ 2, *Boser v. Prairie's Best Farms, Inc.*, No. 49-cv-19-1751 (Morrison Cty., Minn.).

II

A

The issue of subject-matter jurisdiction deserves clarification. In its amended complaint, Pitman Farms alleges there is subject-matter jurisdiction over this case under both the federal-question, 28 U.S.C. § 1331, and diversity, 28 U.S.C. § 1332, statutes. Defendants disagree. They say Pitman Farms pleads no federal question triggering jurisdiction under § 1331. Defendants also argue under Federal Rule of Civil Procedure 19 that this case cannot proceed without the joinder of two parties—Prairie's Best and Simply Essentials—whose presence would destroy diversity jurisdiction. At times, Defendants characterize their Rule 19 argument as one challenging the presence of subject-matter jurisdiction under § 1332.

There is not subject-matter jurisdiction over this case under 28 U.S.C. § 1331. The Declaratory Judgment Act, 28 U.S.C. § 2201, is not an independent source of federal jurisdiction. *Schilling v. Rogers*, 363 U.S. 666, 677 (1960). Rather, it "provides an additional remedy where jurisdiction already exists." *Terminal Freight Handling Co. v. Solien*, 444 F.2d 699, 703 (8th Cir. 1971). Federal questions that, absent the availability of the declaratory-judgment procedure, would be raised only as defenses to state-law claims do not confer subject-matter jurisdiction under § 1331. *Skelly Oil Co. v. Phillips*

*Petroleum Co.*, 339 U.S. 667, 671–74 (1950); *see* 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil* § 2767 (4th ed. Apr. 2020 Update). In declaratory-judgment cases, it is common that "the realistic position of the parties is reversed." *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 248 (1952). When courts evaluate whether a federal question is present in a declaratory-judgment action, they consider "whether a well-pleaded complaint in . . . a traditional action would present a federal issue." *Missouri ex rel. Missouri Highway & Transp. Comm'n v. Cuffley*, 112 F.3d 1332, 1335 (8th Cir. 1997); *see Skelly*, 339 U.S. at 671–74; *Oglala Sioux Tribe v. C & W Enters., Inc.*, 487 F.3d 1129, 1131 (8th Cir. 2007). "If a well-pleaded complaint by the defendant (the 'natural' plaintiff) would have arisen under federal law, then the court has jurisdiction when the 'natural' defendant brings a declaratory-judgment suit." *Noah's Ark Processors, LLC v. Elliott*, No. 17-cv-1602 (ADM/DTS), 2017 WL 3531522, at *2 (D. Minn. Aug. 17, 2017) (quotation omitted). In its amended complaint, Pitman Farms seeks a declaration that the Minnesota parent company liability statutes on which Defendants rely to establish Pitman Farms' liability for Simply Essentials' breaches are unconstitutional as applied because they violate the Dormant Commerce Clause. Am. Compl. ¶¶ 48–52, 56(c). That is the only federal question described in Pitman Farms' amended complaint. However, the traditional coercive cause of action implicated by Pitman Farms' amended complaint in this case and by Defendants' state-court case is a breach-of-contract suit in which the federal question presented here—the constitutionality of Minnesota law—would be raised only as an affirmative defense.

*See* Perry Decl., Ex. A [ECF No. 18-1 at 51–57]. That is not enough to trigger federal subject-matter jurisdiction under *Skelly Oil* and § 1331.

There is subject-matter jurisdiction over this case under 28 U.S.C. § 1332. The Parties are of diverse citizenship. Pitman Farms is incorporated under California law and maintains its principal place of business in Sanger, California. Am. Compl. ¶ 1. Citizenship of a limited liability company for purposes of diversity jurisdiction "is the citizenship of each of its members." *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015) (quotation omitted). Here, Kuehl Poultry LLC's sole member is Shane Kuehl, a citizen of Minnesota. Am. Compl. ¶ 2. The remaining Defendants are individual growers who also are alleged (and not disputed) to be Minnesota citizens. *Id.* ¶¶ 3–7. It is undisputed that the amount in controversy satisfies the $75,000 jurisdictional threshold. Defendants' argument that Pitman Farms has failed to join a party under Rule 19 is not a challenge to subject-matter jurisdiction on the basis of diversity of citizenship. A challenge to subject-matter jurisdiction examines the state of things at the time of filing. *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011). A Rule 19 challenge accepts the existence of subject-matter jurisdiction and posits instead that: (a) the plaintiff has failed to join a required party; (b) the required party's joinder is not feasible (for any number of reasons, including that the required party's joinder would destroy subject-matter jurisdiction); and (c) the inability to join the required party should prompt dismissal of the action. Fed. R. Civ. P. 19; *compare* Fed. R. Civ. P. 12(b)(1) and 12(b)(7).

6

B

Defendants argue that Prairie's Best and Simply Essentials are required parties under Rule 19, that joinder of Simply Essentials is not feasible because it would destroy diversity jurisdiction,[2] and that this case cannot "in equity and good conscience" proceed without Simply Essentials and should be dismissed.  Mem. in Supp. at 15–19; Reply Mem. at 1–2 [ECF No. 28].  Rule 19(a)(1) provides that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party" if:

> (A)   in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B)   that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i)   as a practical matter impair or impede the person's ability to protect the interest; or
> >
> > (ii)  leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

Determining whether an entity is a required party under Rule 19(a)(1) calls for practical judgments influenced greatly by the facts and circumstances of each particular

---

[2]   As noted earlier, Pitman Farms is the sole member of Simply Essentials.  Because Pitman Farms and Simply Essentials share California citizenship, Simply Essentials' joinder would destroy complete diversity.  *See Exxon Mobile Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 553 (2005) ("In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action.").

case. *Fort Yates Pub. Sch. Dist. No. 4 v. Murphy ex rel. C.M.B.*, 786 F.3d 662, 671 (8th Cir. 2015); *see also Bremer Bank, Nat'l Ass'n v. John Hancock Life Ins. Co.*, No. 06-cv-1534 (ADM/JSM), 2007 WL 1057056, at *4 (D. Minn. Apr. 9, 2007); 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil* § 1604 at 33 (2019). "The focus of Rule 19(a)(1) is on relief between the parties and not on the speculative possibility of further litigation between a party and an absent person." *Cedar Rapids Bank & Trust Co. v. Mako One Corp.*, 919 F.3d 529, 534–35 (8th Cir. 2019), *cert. denied*, 140 S. Ct. 848 (2020). "[T]he mere fact the underlying litigation will affect or otherwise impact a non-party's interests does not mean" that the requirements of Rule 19(a)(1)(B) have been met. *EEOC v. Cummins Power Generation, Inc.*, 313 F.R.D. 93, 102 (D. Minn. 2015). A typical example of required parties under Rule 19(a)(1)(B) arises when one or more joint property owners are not named parties to a suit over title to the property. *Broussard v. Columbia Gulf Transmission Co.*, 398 F.2d 885, 887–88 (5th Cir. 1968) (finding the "owner of an undivided one-sixth interest in realty" to be a required party to a case pursued by co-owners seeking "removal of a pipeline across the property"); *see also Missouri Primate Found. v. PETA*, No. 4:16 CV 2163 CDP, 2020 WL 1139026, at *4 (E.D. Mo. Mar. 9, 2020) (finding the owner of chimpanzees to be a required party to a case seeking injunctive relief including possible dispossession of chimpanzees and "transfer[] to an accredited sanctuary"); *EEE Minerals, LLC v. North Dakota*, 318 F.R.D. 118, 125 (D.N.D. 2016) (finding United States to be a required party because "it owns significant oil, gas, and other mineral interests in and under the lands that are the subject of this suit" and a judgment "would significantly impair [that] interest by clouding its

title"). Another typical example arises when litigation of a claim will result in a judgment that determines a non-party's rights under a contract. *Gilbert v. Weahkee*, ___ F. Supp. 3d ___, No. 19-cv-5045-JLV, 2020 WL 779460, at *11 (D.S.D. Feb. 18, 2020) (finding non-party to be a required party because it operated a health service pursuant to a contract that the plaintiffs sought to cancel).

Here, neither Simply Essentials nor Prairie's Best is a required party under Rule 19(a)(1). Defendants do not argue that complete relief cannot be accorded in the absence of Simply Essentials or Prairie's Best. Fed. R. Civ. P. 19(a)(1)(A); Mem. in Supp. at 16–18. If Simply Essentials and Prairie's Best claim a monetary interest in Pitman Farms' liability as the "parent company" of Simply Essentials, disposing of this case in the absence of Simply Essentials and Prairie's Best will not "as a practical matter impair or impede [their] ability to protect [this] interest" within the meaning of Rule 19(a)(1)(B)(i).[3] The

---

[3] Courts in this district have interpreted Rule 19(a)(1)(B)'s requirement that a person "claim" an interest to require, not merely that a person possess an interest in the subject of the action, but that a person assert the interest affirmatively through a court filing or like procedure—in other words, to formally express their desire to participate as a party in the case. *See*, *e.g.*, *American Ins. Co. v. St. Jude Med. Inc.,* 597 F. Supp. 2d 973, 978 (D. Minn. 2009); *accord St. Paul Mercury Ins. Co. v. Order of St. Benedict, Inc.*, No. 15-cv-2617 (DSD/KMM), 2017 WL 780572, at *2 (D. Minn. Feb. 28, 2017); *Jankowski v. City of Duluth*, No. 11-cv-3392 (MJD/LIB), 2011 WL 7656905, at *6 (D. Minn. Dec. 13, 2011), *report and recommendation adopted*, 2011 WL 7656906 (D. Minn. Dec. 20, 2011); *Spine Imaging MRI, L.L.C. v. Liberty Mut. Ins. Co.*, No. 09-cv-1963 (JRT/AJB), 2010 WL 11537461, at *2 (D. Minn. Dec. 23, 2010); *Metro. Prop. & Cas., Ins. Co. v. Flakne*, No. 09-cv-2441 (DWF/JJK), 2010 WL 3033729, at *3 (D. Minn. July 27, 2010); *contra Halsne v. Avera Health*, No. 12-cv-2409 (SRN/JJG), 2013 WL 3088588, at *7 (D. Minn. June 18, 2013) (stating that to claim an interest means to have an interest and an absent party "need not necessarily come forward with such an interest"). Here, neither Simply Essentials nor Prairie's Best formally or affirmatively claimed their interest as a majority of these cases require. This Opinion assumes without deciding that it was unnecessary for Simply Essentials or Prairie's Best to claim an interest in this way.

declarations Pitman Farms seeks in this case require consideration of Minnesota statutes, including perhaps the constitutionality of one of these statutes. *See* Am. Compl. ¶¶ 25–52. Pitman Farms does not seek declaratory relief concerning interpretation of a contract to which Simply Essentials or Prairie's Best is a party or property in which Simply Essentials or Prairie's Best has an ownership or other interest. Simply Essentials and Prairie's Best's conduct is not relevant to answering the legal questions Pitman Farms has raised. As Defendants acknowledge, any judgment issued in this case "cannot bind" Simply Essentials or Prairie's Best. Mem. in Supp. at 18. At most, any decision or judgment entered in this case would be persuasive precedent insofar as Simply Essentials and Prairie's Best are concerned. Unless the federal constitutional question Pitman Farms raises reaches the United States Supreme Court, the Minnesota state courts would remain free to reach whatever decisions they think appropriate concerning these issues if Simply Essentials or Prairie's Best were to pursue these interests there. That is the risk Pitman Farms accepts by bringing this case in federal court. Proceeding without Simply Essentials or Prairie's Best will not expose Pitman Farms or Defendants "to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a)(1)(B)(ii). Defendants have identified no such risk. If there is a possibility of inconsistent obligations between this case and the separate state action filed by Defendants, that possibility results, not from Simply Essentials and Prairie's Best's absence from this

case, but from the mere fact that there is concurrent state and federal litigation to which Pitman Farms and Defendants are parties.[4]

C

As an alternative to dismissal under Rule 19, Defendants argue that abstention is appropriate under *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941). Ordinarily, "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). "This duty, however, is not absolute." *Id.* In *Pullman*, the United States Supreme Court "held that federal courts should abstain from decision when difficult and unsettled questions of state law must be resolved before a substantial federal constitutional question can be decided." *Hawaii Hous. Auth. v. Midkiff*, 467 U.S. 229, 236 (1984); *see also Burris v. Cobb*, 808 F.3d 386, 388 (8th Cir. 2015) ("*Pullman* requires a federal court to refrain from exercising jurisdiction when the case involves a potentially controlling issue of state law that is

---

[4] If Rule 19(a) does not compel joinder, "then the case must go forward without [the party] and there is no need to make a Rule 19(b) inquiry." *Gwartz v. Jefferson Mem'l Hosp. Ass'n*, 23 F.3d 1426, 1428 (8th Cir. 1994). Here, were the Rule 19(b) inquiry necessary, it would not result in dismissal of this case. *See Fort Yates Pub Sch.*, 786 F.3d at 671 (recognizing that federal "courts are generally reluctant to grant motions to dismiss" under Rule 19(b)) (cleaned up). For starters, the Rule 19(b) inquiry would not concern Prairie's Best. It is a Minnesota citizen, Am. Compl. ¶ 15, and it may be joined without destroying diversity jurisdiction. Considerations of "equity and good conscience," Fed. R. Civ. P. 19(b), favor proceeding without Simply Essentials. That Pitman Farms is its sole member at least suggests that Simply Essentials is not likely to face prejudice from its absence here, and no reason has been identified to show that a judgment rendered in Simply Essentials' absence would not be adequate. Fed. R. Civ. P. 19(b)(1), (3); *see also Helzberg's Diamond Shops, Inc. v. Valley W. Des Moines Shopping Ctr., Inc.*, 564 F.2d 816, 820 (8th Cir. 1977) ("[A] person does not become indispensable to an action to determine rights under a contract simply because that person's rights or obligations under an entirely separate contract will be affected by the result of the action.")

unclear, and the decision of this issue by the state courts could avoid or materially alter the need for a decision on federal constitutional grounds.") (quotation omitted). Several principles clarify *Pullman*'s reach. It should be invoked thoughtfully. "Abstention is, of course, the exception and not the rule." *City of Houston v. Hill*, 482 U.S. 451, 467 (1987). Its invocation should be "rare." *Growe v. Emison*, 507 U.S. 25, 32 (1993). The relevant state statute or statutes must be "of an uncertain nature." *Hawaii Hous. Auth.*, 467 U.S. at 237. "*Pullman* abstention is inappropriate unless the state courts provide the parties with adequate means to adjudicate the controverted state law issue." *City of Houston*, 482 U.S. at 476 (cleaned up) (Powell, J., concurring in part). *Pullman* abstention is less appropriate in cases where there is "no danger that a federal decision would work a disruption of an entire legislative scheme of regulation." *Hostetter v. Idlewild Bon Voyage Liquor Corp.*, 377 U.S. 324, 329 (1964). The mere presence of concurrent state and federal cases over the same subject matter ordinarily is not enough to warrant abstention: "Of course federal courts and state courts often find themselves exercising concurrent jurisdiction over the same subject matter, and when that happens a federal court generally need neither abstain (*i.e.*, dismiss the case before it) nor defer to the state proceeding (*i.e.*, withhold action until the state proceedings have concluded)." *Growe*, 507 U.S. at 32. Finally, when available, the option to certify a question or questions of law to a state's highest court offers advantages over *Pullman* abstention, *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974), and "today covers territory once dominated by . . . *Pullman* abstention," *Arizonans for Official English v. Arizona*, 520 U.S. 43, 75 (1997). If *Pullman* abstention is appropriate,

a federal court generally should stay the case or defer consideration of the case's merits pending the conclusion of state proceedings. *Growe*, 507 U.S. at 32 n.1.

Here, these rules and other practical considerations weigh against invoking *Pullman* abstention in deference to the parallel state district court case. It is not yet obvious that applicable Minnesota law is unsettled or unclear. If there is uncertainty around some aspect of Minnesota law governing whether a party is bound by a contract or choice-of-law analysis—the first two questions Pitman Farms raises in its amended complaint—it has not been identified. Am. Compl. ¶¶ 25–37. It is true that the statutory questions Pitman Farms raises lack an immediately obvious answer, *id.* ¶¶ 38–52, but that alone does not mean these questions are sufficiently uncertain to warrant *Pullman* abstention. Many legal questions that lack an immediately obvious answer prove not so difficult after adversarial presentation and judicial analysis. The bottom line is that it is not possible to say at this time that the state-law questions Pitman Farms raises are sufficiently unsettled for *Pullman*'s purposes, and it probably won't be possible to make that judgment responsibly until those issues have been presented more thoroughly. At least as a practical matter, it is not clear the state district court anticipates its immediate availability to adjudicate these issues. That court's decision to stay that case "until the related federal court declaratory judgment action is resolved, or until further Order of this Court," *Boser*, No. 49-cv-19-1751, Order ¶ 2, suggests at least that it would prefer to see this case adjudicated first, and there is no suggestion that the application of *Pullman* abstention here necessarily would trigger a lifting of that court's stay. A decision here would not disrupt a reticulated legislative scheme. Pitman Farms seeks declarations with respect to a single business

13

relationship, and as noted earlier, any decision here interpreting Minnesota law would bind no one beyond Pitman Farms and Defendants. Finally, should Minnesota law prove to be novel and unsettled, certification is available, Minn. Stat. § 480.065, subd. 3, and, if appropriate, use of this procedure would appear to offer a more efficient means of obtaining an answer than deferring this case until the concurrent state case is fully adjudicated.

D

As an alternative to *Pullman* abstention, Defendants argue that the case should be stayed as a matter of sound discretion.[5] "[The] power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). A federal district court "has broad discretion to stay proceedings when doing so is appropriate to control its docket." *Daywitt v. Minnesota*, No. 14-cv-4526 (WMW/LIB),

---

[5] Though they begin this section of their opening brief with a citation to *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), a case applying a variety of considerations to determining the propriety of a discretionary stay, Mem. in Supp. at 26, Defendants do not support their argument for a stay based on the considerations described in *Wilton* (or other federal decisions applying them). Instead, Defendants argue that Pitman Farms should be enjoined temporarily from proceeding with this case and in support of this argument apply the factors governing issuance of a preliminary injunction first identified by our Eighth Circuit Court of Appeals in *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981). This seems an inapt approach to deciding the propriety of a stay. It is true that federal courts sometimes enjoin parties from prosecuting a suit in another forum, *see Bell v. Sellevold*, 713 F.2d 1396, 1404 (8th Cir. 1983), but federal courts do not characterize a decision to stay one of their own cases as the imposition of a preliminary injunction on the party who filed the case. Defendants have cited, and research has identified, no case taking or condoning this approach. The *Dataphase* factors will not, therefore, be applied to determine whether to stay this case.

2016 WL 3004626, at *5 (D. Minn. May 24, 2016) (citing *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006)).  Relevant factors to consider with respect to a stay include maintaining control of the docket, conserving judicial resources, and providing for the just determination of cases.  *Kemp v. Tyson Seafood Grp., Inc.*, 19 F. Supp. 2d 961, 964 (8th Cir. 1998).  The party seeking a stay bears the burden of establishing the need for a stay.  *Kreditverein der Bank Austria Creditanstalt fur Niederosterreich und Bergenland v. Nejezchleba*, 477 F.3d 942, 945 n.3 (8th Cir. 2007).

Here, the better exercise of discretion is to deny Defendants' stay motion. Defendants' suggestion that the forum-selection clause in the broiler production agreements binds Pitman Farms to litigate its claims exclusively in Minnesota state court is a reason to dismiss this case, not stay it.[6]  Regardless, as Defendants present it, resolution of that question depends on whether Minnesota law binds Pitman Farms to the broiler production agreements as the sole member of Simply Essentials.  Mem. in Supp. at 27–28. That question is one part of a larger statutory-interpretation problem that also concerns the ultimate issue of Pitman Farms' liability for Simply Essentials' liabilities, and it has not been briefed sufficiently to permit its resolution.  Defendants' argument that a stay here would "avoid[] delay and duplication" is no doubt sensible and true of most federal cases accompanied by parallel state-court litigation.  Reply Mem. at 7.  However, the state court

---

[6]    At the hearing on their motion, but not in their motion [ECF No. 15] or written submissions, Defendants argued that this case is improperly venued based on the forum-selection clause in the broiler production agreements.  The absence of briefing concerning the procedural propriety of this request, Fed. R. Civ. P. 12(g)(2), (h)(1), and its merits precludes dismissal for improper venue at this time.

has since ordered a stay of those proceedings, and a stay of this action would at least risk "litigation deadlock whereby both cases would be stayed pending the resolution of the other." *Superior Seafoods, Inc. v. Tyson Foods, Inc.*, No. 06-cv-2543 (JRT/AJB), 2008 WL 141764, at *1 (D. Minn. Jan. 14, 2008) (affirming magistrate judge's denial of motion to stay proceedings pending the resolution of a related case when proceedings in the related case had been stayed pending resolution of the case before the federal court).

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Defendants' Motion to Dismiss for Lack of Jurisdiction, to Abstain or, Alternatively, for Temporary Injunction or Stay [ECF No. 15] is **DENIED**; and

2. Defendants' Motion to Dismiss the Amended Complaint for Lack of Jurisdiction and Improper Venue, to Abstain or, Alternatively, for Temporary Injunction or Stay [ECF No. 35] is **DENIED**.

Dated: May 14, 2020                    s/ Eric C. Tostrud
                                        Eric C. Tostrud
                                        United States District Court